UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZET OLIVAR OREA,<br><br>　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>　　　　　Respondents. | Case No. 1:26-cv-01396-JLT-SAB<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; ORDERING PETITIONER'S IMMEDIATE RELEASE[1]<br><br>(Docs. 1, 2.) |

## I.　　INTRODUCTION

Before the Court for decision is Lizet Olivar Orea's request for a temporary restraining order (Doc. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 10.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.　　LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 8 at 2.) Because the Court orders the immediate release of the petition and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Mexico. He entered the United States on or about April 27, 2024, at which time he was apprehended by federal immigration officials near Mariposa Canyon, Arizona. (Doc. 1 at 6.) The following day, Petitioner was served with a Notice to Appear for removal proceedings, designating her an alien present without admission or parole and charging her with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*.) Petitioner was subsequently released from custody on her own recognizance with reporting instructions. (*Id*.) On February 2, 2026, Petitioner was arrested and is currently being detained at the California City Detention Facility in California City, California. (*Id*.)

The government opposes the petition and issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 8.) In taking this position, they cite two non-binding opinions but make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *Id*.; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Thus, for the reasons set forth, the Court **ORDERS:**

1.     The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

      2.       Respondents are **ORDERED** to release the petitioner **IMMEDIATELY**;

      3.       Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

      4.       The Clerk of Court is directed to close this case and enter judgment for Petitioner

IT IS SO ORDERED.

Dated:   **March 2, 2026**
                                                    UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.